**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| PAULA BIRD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:19-cv-1581 (JMC) |
| | ) | |
| MERRICK GARLAND, Attorney General | ) | |
| of the United States, named in his official | ) | |
| capacity, as head of the Department | ) | |
| of Justice, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION**

With the agreement of the parties, the Court has determined that there is good cause to issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives, and assignees of certain information and items produced and received in discovery in the above-captioned action. IT IS HEREBY ORDERED as follows:

**I. DEFINITIONS**

1. "Action" shall mean the above-captioned case *Paula Bird et al. v. Garland*, No. 1:19-cv-1581 (JMC).

2. "Challenging Party" shall mean any Party that challenges the designation of information as Confidential Information under this Protective Order.

1

3.     "Confidential Information" shall mean information that, at the time of its production in discovery in this Action, or thereafter, is designated confidential by the Producing Party or any Party because of a good faith belief that the information is both:

(a)     not in the public domain, or if in the public domain, is improperly in the public domain; **and**

(b)     one or more of the following:

(i)     personal financial, medical, tax, employment, personnel, or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2;

(ii)     documents containing personally identifiable information, such as social security numbers, birth dates, home addresses, non-work email addresses, non-public telephone numbers, and names of family members;

(iii)     law enforcement sensitive information which relates to Defendant's law enforcement investigations (including investigations by offices of inspectors general) and law enforcement training, including investigations and training operations, strategies, practices, procedures, guidelines, techniques, personnel, sources, or equipment;

(iv)     information protected by the provisions of the Privacy Act of 1974, 5 U.S.C. § 552a;

(v)     confidential statements provided to law enforcement investigators in the course of law enforcement investigations and statements by confidential informants;

(vi)    materials subject to exemptions under the Freedom of Information Act, 5 U.S.C. § 552; and

(vii)   the names of any named Plaintiff who has been granted leave by the Court to proceed under a pseudonym.

4.      "Designating Party" shall mean any Producing Party or Party who, by following the procedures in this Protective Order, designates as "Confidential Information" any discovery that is produced in this Action.

5.      "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying.  "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

6.      "Document" shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & (B).

7.      "Notice" shall include notice via email.

8.      "Party" (or "the Parties") shall mean a party (or the parties) to this Action.

9.      "Producing Party" shall mean a Party or Non-Party who produces discovery in this Action.

10.     "Receiving Party" shall mean a Party or Non-Party who receives information that has been designated as Confidential Information in this Action.

11.    "Non-Party" means a person or entity that is not a Party.

## II.    PURPOSE, SCOPE, AND LIMITATIONS OF PROTECTIVE ORDER

12.    This Protective Order governs the disclosure, use, and handling of all Confidential Information during discovery and in pretrial filings occurring after the entry of this Protective Order in this Action, whether the Confidential Information is produced by a Party or Non-Party, and regardless of the format or medium in which such Confidential Information is generated, stored, or maintained.

13.    This Protective Order binds the Parties and their respective agents, successors, personal representatives, and assignees.

14.    Except as expressly provided herein, this Protective Order does not govern the Parties' use of Confidential Information in open court at any hearing or trial, but the Parties reserve the right to seek relief from the Court in connection with the use of Confidential Information in any such hearing or trial.

15.    Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

16.    This Protective Order shall apply to information designated as Confidential Information under this Protective Order and shall not prejudice in any way any Party's ability to challenge the use or disclosure of any other information.  A Party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not: (a) confidential; (b) privileged; or (c) admissible in evidence at trial.

17.    Designations of Confidential Information shall not prejudice in any way any Party's ability to assert that the information is or is not protected by the Privacy Act, 5 U.S.C. § 552a, or

that prior disclosure of the information or similar information was or was not lawful pursuant to the Privacy Act, *see, e.g.*, 5 U.S.C. § 552a(b).

18.    The protections conferred by this Protective Order do not cover any information:

(a)    that is already and appropriately in the public domain; or

(b)    that appropriately becomes part of the public domain after its disclosure to a Receiving Party as a result of publication (including becoming part of the public record in this Action through trial or otherwise).

19.    With the exception of the requirements of Paragraph 39, nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Information for any purpose whatsoever, but if any such lawful and appropriate use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

20.    Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

21.    Any Party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court.

## III.    METHOD FOR DESIGNATING CONFIDENTIAL INFORMATION

22.    A Producing Party shall designate Confidential Information prior to or at the time of production, except as otherwise provided by this Protective Order.

23.    The Designation of Confidential Information shall be limited only to those documents, interrogatory answers, responses to requests for admissions, testimony transcripts, or

portions thereof that qualify under the definition of "Confidential Information" in Paragraph 3 of this Protective Order.

24.     For documents, designation of Confidential Information by the Producing Party shall be made as follows:

(a)     For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "CONFIDENTIAL" on each page of the document asserted to contain Confidential Information. The designation shall be applied so as not to obscure text.

(b)     For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "CONFIDENTIAL"

(c)     The media on which the Confidential Information is provided (*e.g.*, CD, DVD, external hard drive) also must be and remain plainly labeled with of "CONFIDENTIAL" unless and until the protection of the data within the media is removed.

(d)     Any copying or transferring of electronic files that are designated as Confidential Information must be done in a manner that maintains the protection for all copies, including, but not limited to, in the filename(s) (to the extent feasible in light of computer system limits on filename length) and the location where the copies are stored and users' access thereto.

25.     For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response

to requests for admission asserted to contain Confidential Information the following: "The following response is CONFIDENTIAL pursuant to the Court's Protective Order, ECF No. [XX]."

26.     For depositions, designation of Confidential Information shall be made by letter from counsel within thirty (30) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential Information.  The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Confidential Information under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Protective Order and the requirement of executing the certification attached as Exhibit A. After designation of Confidential Information is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information: "CONFIDENTIAL."  If the deposition was filmed, both the recording storage medium (*i.e.*, CD or DVD) and its container shall be labeled "CONFIDENTIAL."  Any Party may designate portions of any deposition taken in this Action as Confidential Information by following the foregoing procedure.

27.     For any Document or item produced in discovery in this Action not falling within the paragraphs above, designation of Confidential Information shall be made by labeling the item or the item's container with "CONFIDENTIAL."   If only a portion or portions of the information contained in the item warrant protection as Confidential Information, it shall be accompanied by a cover letter identifying the specific portion or portions so designated.

28.    A Party other than the Producing Party may, within 30 days of receiving discovery information that qualifies as "Confidential Information" under the definition of Paragraph 3 of this Protective Order, designate that information as Confidential Information by: (a) identifying the Confidential Information to the Producing Party and all other Parties with reasonable specificity (e.g., by identifying the Bates range(s), interrogatory answer(s), or response(s) to requests for admission containing the Confidential Information); and (b) delivering a copy of the produced documents or written discovery containing the Confidential Information to the Producing Party and all other Parties with "CONFIDENTIAL" stamped on each page containing Confidential Information, or delivering a copy of any native file(s) containing Confidential Information with "CONFIDENTIAL" added to the beginning of the relevant file name(s).

29.    If it comes to a Designating Party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the Designating Party should promptly notify all Parties that it is withdrawing the designation for the applicable information.

## IV.    CHALLENGING CONFIDENTIAL DESIGNATIONS

30.    The designation of any Confidential Information is subject to challenge by any Party at any time, subject to the procedures described herein and in the Court's Scheduling Order, ECF No. 70.

31.    A Challenging Party shall not be obliged to challenge the propriety of a Confidential Information designation at the time made, but if a challenge to a designation of information as Confidential Information is not made at least sixty (60) days before the deadline for filing for class certification or for filing for summary judgment, then no such challenge will be considered until after briefing on class certification or summary judgment has been completed. The acceptance by any Party of any information designated as Confidential Information shall not constitute evidence or an admission or concession that the information qualifies as Confidential Information.

32.    The Challenging Party shall initiate any challenge to the designation of any Confidential Information under this Protective Order by providing to the Designating Party, in writing: (a) notice of each designation it is challenging; and (b) a description of the basis for each challenge.

33.    The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within seven (7) calendar days after the Designating Party receives notice from the Challenging Party.  During the conferring process, the Challenging Party must convey its basis for the challenge, the Designating Party must convey the basis for its designation, and the Designating Party must have an opportunity to review the applicable documents and either keep or change the designation.  The Designating Party must communicate its decision(s) to the Challenging Party within twenty-one (21) calendar days after

9

the Parties meet and confer regarding the challenge.  If the Designating Party decides to withdraw its designation, it shall give notice of this change to the Parties.  If the decision after 21 days did not resolve the challenge, then either the Challenging Party or Designating Party may seek a determination from the Court.  In doing so, the party seeking a determination shall follow the procedures set forth in Section III of this Court's May 6, 2022 Scheduling Order.  ECF No. 70. No written discovery motion may be filed without a prior conference with the Court and leave of the Court, pursuant to the Court's Scheduling Order, ECF No. 70.

34.    Any information designated as Confidential Information pursuant to and after the entry by the Court of this Protective Order shall be treated as Confidential Information until such time as: (a) the Designating Party agrees that it shall no longer be treated as Confidential Information; or (b) the Court rules that such information should not be treated as Confidential Information.

## V.    DISCLOSURE, USE, AND HANDLING OF CONFIDENTIAL INFORMATION

35.    A Receiving Party may only use Confidential Information produced in this Action for purposes of prosecuting, defending, or attempting to settle this Action, and may only disclose Confidential Information produced in this Action in accordance with the terms of this Protective Order or any superseding order that pertains to specific Confidential Information.

36.    Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information.

37.    Unless otherwise directed by the Court or authorized in writing by the Producing Party, Confidential Information may only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons, and only

to the extent such disclosure is reasonably necessary to assist with the prosecution, defense, or attempts to settle this Action:

    (a)    Plaintiffs, Defendants, and employees of the Defendants who are assisting with respect to this Action;

    (b)    the Parties' counsel and their current employees and other personnel necessary to assist counsel in this Action (such as contract attorneys, litigation assistants, paralegals, and support services personnel, including litigation support, information technology, information or records management, investigative, secretarial, clerical, photocopying, and data processing personnel);

    (c)    external vendors necessary to assist counsel in this Action (such as e-discovery vendors);

    (d)    any person with prior authorized access to the Confidential Information;

    (e)    witnesses or potential witnesses in this Action (including deponents or potential deponents), and their respective counsel;

    (f)    court reporters and other persons not employed by this Court who are retained to record or transcribe testimony or argument at interviews or depositions in connection with this Action;

    (g)    expert witnesses and consultants retained by the Parties (or their counsel), including their associates and staff, in connection with this Action;

    (h)    mediators or arbitrators in this Action; and

    (i)    this Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel, including

persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

38.     Disclosure to the persons referenced in subparagraphs 37(c)-(h) above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as Exhibit A.  Counsel for the disclosing party shall retain copies of the signed acknowledgement and consent forms in their litigation files and shall make the executed forms available to counsel for the other party upon a court order. An authorized representative for an e-discovery vendor may sign Exhibit A on behalf of the company. An authorized representative for a court reporting and videography vendor may sign on behalf of the company provided that, prior to the beginning of any deposition, the individuals involved in that deposition sign Exhibit A.

39.     The filing of any Confidential Information under seal by any Party at any time is subject to the procedures described herein and in the Court's Scheduling Order, ECF No. 70.

40.     Without written permission from the Designating Party or a court order secured after appropriate notice, a Receiving Party may not file in the public record in this action any Confidential Information, other than its own, except as specified below.  A Receiving Party that seeks to file under seal any Confidential Information must comply with the Local Rules, including Rules 5.1(b)(1) and 7(m).  Pursuant to the Court's Scheduling Order, ECF 70, a party is required to file a motion seeking leave of the Court to file Confidential Information under seal.  Confidential Information may be filed under seal only if doing so is consistent with D.C. Circuit precedent. Before moving to file under seal Confidential Information, the moving party must confer with the non-moving party.  During that conference, the Designating Party must provide the moving party with its justification for the Confidential designation, consistent with D.C. Circuit precedent, and

the moving party will report that explanation in the motion to seal.  If the Court denies a motion to seal Confidential Information, the Designating Party may alert the moving party of its intent to seek further relief, and if such notice is given, the moving party shall then wait seven calendar days before filing the Confidential Information on the public docket and shall not otherwise make the Confidential Information publicly available during that time. If the Designating Party obtains relief from the Court prior to the passage of seven calendar days from the ruling denying motion for leave to file under seal, then the Confidential Information shall be handled in accordance with the Court's Order. No party may disclose Confidential Information in a proceeding in open court without first giving seven (7) days' notice to the Designating Party who, after a good faith effort to meet and confer, may seek additional relief from the Court, except to the extent the Court may order otherwise or find good cause to waive the requirements of notice and a good faith effort to meet and confer. Whenever a party files exhibits under seal, the opposing party will review to determine if it has concerns with such exhibits being referred to in open court, and will initiate a meet and confer with the filing party or seek additional relief from the Court.

41.     If any person or entity subject to this Protective Order receives a subpoena or discovery request for Confidential Information (as designated in this Action) in any other proceeding before any court or arbitral, administrative, or legislative body, that person or entity shall promptly give notice to the Designating Party and shall not disclose any Confidential Information until the Designating Party has had a reasonable opportunity to inform the subpoenaed person either (a) that the Designating Party does not object to the production of the Confidential Information or (b) that the Designating Party will seek appropriate relief or protection from the proper Court to prevent the production.  The Designating Party shall bear the burden and expense of seeking protection of its designated Confidential Information, and nothing in this Protective

Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this Court or another court or arbitral, administrative, or legislative body.

## VI.    INADVERTENT PRODUCTION OF CONFIDENTIAL INFORMATION

42.    Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item.[1]  The Parties agree to follow Fed. R. Civ. P. 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Confidential Information.

43.    If a Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Party shall, upon learning of the unauthorized disclosure:

(a)    promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order;

(b)    promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as Exhibit A; and

(c)    within five (5) calendar days, notify all Parties of the identity of the person(s) to whom the unauthorized disclosure was made, the

---

[1] This agreement does not require the Parties to produce information that would otherwise be properly withheld as privileged.

circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

## VII.  DISPOSITION OF DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION

44.    Except as otherwise provided in this Protective Order, within 90 days of the final termination this Action (whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom), a Receiving Party shall take reasonable steps either to (a) destroy or delete all items designated as Confidential Information or (b) return them to the Producing Party.  In the course of disposing of information in its possession under this paragraph, a Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Information pursuant to this Order that such information should be destroyed by the person possessing the information with written confirmation to the Receiving Party.

45.    Materials that exist on the Receiving Party's back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, if such materials will be overwritten and destroyed in the normal course of business.  Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

46.    For material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Confidential Information subject to this Protective Order.

47.     Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits and declarations (including those signed in connection with Paragraph 38); motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information.  Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information unless and until its Designating Party agrees otherwise in writing or a court order directs.

48.     Attorneys for the United States may maintain copies of any documents designated as Confidential Information in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential Information in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. §§ 552 and 552a, or as otherwise required by law.

*     *     *

Agreed to by:

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA WELLS
Assistant Branch Director

/s/ Martin M. Tomlinson
MARTIN M. TOMLINSON (SC Bar No. 76014)
Senior Trial Counsel
AMBER RICHER (CA Bar No. 253918)
ANNA DEFFEBACH (DC Bar No. 241346)
Trial Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 353-4556
E-mail: martin.m.tomlinson@usdoj.gov

*Counsel for Defendant*

/s/ Christine E. Webber
Joseph M. Sellers (#318410)
Christine E. Webber (#439368)
Rebecca A. Ojserkis*
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600

17

jsellers@cohenmilstein.com
cwebber@cohenmilstein.com
rojserkis@cohenmilstein.com

*Admitted *pro hac vice* in this Court;
Admitted only in Maryland and New York;
admission to the D.C. Bar pending;
practicing under the supervision of
Christine E. Webber and Joseph M. Sellers

David J. Shaffer #413484
David Shaffer Law
1629 K Street NW, Suite #300
Washington, DC 20006
Phone:  202-508-1490
E-Mail:
david.shaffer@davidshafferlaw.com

*Counsel for Plaintiffs*

**SO ORDERED.**

Dated:   July 14, 2022

**Hon. Jia M. Cobb**
United States District Judge

18

**EXHIBIT A**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| _____ | ) | |
| PAULA BIRD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:19-cv-1581 (JMC) |
| | ) | |
| MERRICK GARLAND, Attorney General | ) | |
| of the United States, named in his official | ) | |
| capacity, as head of the Department | ) | |
| of Justice, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DECLARATION TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare under penalty of perjury that:

(a)        My present address is _____.

(b)        My present employer is _____

and the address of my present employer is_____

_____.

(c)        My present occupation or job description is _____

_____.

(d)        I have received and carefully read the Protective Order in this Action dated

_____ and understand its provisions.  Specifically, I understand that I am obligated,

under order of the Court, to hold in confidence and not to disclose the contents of anything

marked "CONFIDENTIAL," except as permitted by the Protective Order.  According to the

1

restrictions of the Protective Order, I will only use Confidential Information produced in the above-captioned Action for purposes of prosecuting, defending, or attempting to settle this Action.  I will never use such documents or information derived therefrom, directly or indirectly, in competition with the Producing Party, nor will I permit others to do so.  In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

(e)        At the termination of the last of this Action or any time requested by Counsel for the Party by whom I am engaged, I will return or destroy all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting "CONFIDENTIAL" which have come into my possession, and will return or destroy all documents or things I have prepared relating to or reflecting such information (except as exempted by the Protective Order).

(f)        I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action.  I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

**Signature:** _____

**Date:** _____

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| PAULA BIRD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:19-cv-1581 (JMC) |
| | ) | |
| MERRICK GARLAND, Attorney General | ) | |
| of the United States, named in his official | ) | |
| capacity, as head of the Department | ) | |
| of Justice, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT STIPULATION FOR ENTRY OF A FEDERAL RULE OF EVIDENCE 502(d) ORDER

Having read and considered the parties' Joint Stipulation for Entry of a Federal Rule of Evidence 502(d) Order governing the inadvertent production of documents and information that may be privileged or protected, and for good cause shown, IT IS HEREBY ORDERED as follows:

### I. NO WAIVER BY DISCLOSURE

1. The production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding. This Order applies to the attorney-client privilege, work-product protections, and all other protections afforded by Federal Rule of Civil Procedure 26(b) and governmental privileges, including any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security. Nothing in this Order shall constitute an

1

admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection.

2. This Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject-matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

## II. DEFINITIONS

1. "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

2. "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during this litigation.

## III. PROCEDURES

The procedures applicable to a claim of privilege with respect to a produced document and the resolution thereof shall be as follows:

1. If a party discovers a document, or part thereof, produced by another party that is privileged or otherwise protected, the receiving party shall promptly notify the producing party and then return the document or destroy it and certify that it has been destroyed to the producing party. Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the producing party to the receiving party.

2

2. If the producing party determines that a document produced, or part thereof, is subject to a privilege or privileges, the producing party shall promptly give the receiving party notice of the claim of privilege ("privilege notice").

3. The privilege notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as an identification of the privilege asserted and its basis.

4. Upon receiving the privilege notice, if the receiving party agrees with the privilege assertion made, the receiving party must promptly return the specified document(s) and any copies or destroy the document(s) and copies and certify to the producing party that the document(s) and copies have been destroyed.  The receiving party must sequester and destroy any notes taken about the document.  If a receiving party disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the producing party of the disclosure and its efforts to retrieve the document or information.

5. Upon receiving the privilege notice, if the receiving party wishes to dispute a producing party's privilege notice, the receiving party shall promptly meet and confer with the producing party.  The document(s) shall be sequestered – and if applicable securely stored – and not be used by the receiving party in the litigation (e.g., filed as an exhibit to a pleading or used in deposition) while the dispute is pending.  If the parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the receiving party may make a motion for a judicial determination of the privilege claim, and shall seek leave of court to file such motion under seal.

6. Pending resolution of the judicial determination, the parties shall both preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion.  The

3

receiving party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the producing party's favor.

7. If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions. In the case of the inadvertent disclosure of information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security, additional procedures may be required as specified by the United States Government in order to comply with federal law.

Agreed to by:

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA WELLS
Assistant Branch Director

/s/ Martin M. Tomlinson
MARTIN M. TOMLINSON
AMBER RICHER
ANNA DEFFEBACH
Trial Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 353-4556
E-mail: martin.m.tomlinson@usdoj.gov

*Counsel for Defendants*


/s/ Christine E. Webber
Joseph M. Sellers (#318410)
Christine E. Webber (#439368)
Rebecca A. Ojserkis* (*pro hac vice*)
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
(202) 408-4600
jsellers@cohenmilstein.com
cwebber@cohenmilstein.com
rojserkis@cohenmilstein.com

**Admitted in Md. and N.Y.; application to
D.C. Bar pending; practicing under the
supervision of Joseph Sellers and Christine
Webber*

David J. Shaffer (#413484)
David Shaffer Law PLLC
1629 K Street NW, Suite #300
Washington, DC 20006
(202) 508-1490
david.shaffer@davidshafferlaw.com

*Attorneys for Plaintiffs*

5

**SO ORDERED.**

Dated:   July 14, 2022

**Hon. Jia M. Cobb**
United States District Judge