**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PAULA BIRD, *et al.*,

*Plaintiffs*,

v.

MERRICK B. GARLAND, in his official capacity as Attorney General of the United States of America,

*Defendant*.

Civil Action No. 1:19-cv-01581 (JMC)

**DEFENDANT'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT**

Defendant Merrick B. Garland, Attorney General of the United States, through undersigned counsel, hereby answers Plaintiffs' Fourth Amended Complaint (the "Complaint"), ECF No. 74, in the above-captioned matter as follows:

The unnumbered introductory paragraph contains Plaintiffs' characterization of this lawsuit, to which no response is required.

**NATURE OF ACTION**

1. This paragraph contains Plaintiffs' characterization of themselves and this lawsuit, to which no response is required.

2. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

3. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

## JURISDICTION AND VENUE

4. This paragraph contains Plaintiffs' conclusions of law to which no response is required.

5. This paragraph contains Plaintiffs' conclusions of law to which no response is required.

6. This paragraph contains Plaintiffs' conclusions of law to which no response is required, except that Defendant admits that a putative class complaint was filed with the Equal Employment Opportunity Commission ("EEOC") on October 23, 2018, and that this was more than 180 days ago.

## PARTIES

7. This paragraph contains Plaintiffs' characterization of this lawsuit and legal conclusions, to which no response in required. If a response is deemed necessary, Defendant admits that the current Attorney General of the United States is Merrick B. Garland, and admits that Attorney General Garland officially serves as the head of the Federal Bureau of Investigation ("FBI").

8. Defendant denies the first sentence except to admit that Plaintiff Paula Bird is female and to state that Defendant lacks knowledge or information sufficient to admit or deny Plaintiff Bird's place of residence. Defendant denies the allegations in the second sentence, except to admit that Ms. Bird was dismissed from Basic Training as an Agent Trainee on May 1, 2018, contacted the EEOC on May 10, 2018, and filed a complaint alleging discrimination on May 29, 2018. Defendant admits the last sentence.

9. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the first sentence, except to admit that Plaintiff Gabrielle Barbour is a female.

Defendant denies the second sentence except to admit that Ms. Barbour was dismissed from the training program on July 31, 2018, made initial contact with the EEOC on November 26, 2018, and filed an EEO complaint on December 13, 2018.

10. Defendant lacks sufficient knowledge or information to admit or deny the first sentence, except to admit that Plaintiff Clare Coetzer is female. Defendant denies the second sentence except to admit that Ms. Coetzer was dismissed on June 29, 2018, first gave notice of discrimination on August 7, 2018, and filed an EEO complaint on September 17, 2018.

11. Defendant denies this paragraph except to admit that Plaintiff Spencer Lee is female, was dismissed from the training program on March 9, 2018, made initial contact February 2, 2018, and filed an EEO complaint on March 9, 2018; and to state that Defendant lacks sufficient knowledge or information to admit or deny her current residency status.

12. Defendant denies this paragraph except to admit that Plaintiff Lauren Rose is female; is a resident of the state of Florida; is currently employed by the FBI as a Staff Operations Specialist; was dismissed from the training program on May 21, 2015; filed an EEO complaint on August 3, 2015; submitted letters dated June 5, 2015, and August 15, 2016, regarding a request for reconsideration; was informed that she did not have the option to apply for reinstatement per an email dated October 5, 2018; and filed a discrimination complaint on December 17, 2018.

13. Defendant denies this paragraph except to admit that Plaintiff Danielle Snider is female, made contact with the EEOC on February 8, 2018, and filed an EEO complaint on March 27, 2018; and to state that Defendant lacks sufficient knowledge or information to admit or deny her current residency status.

14. Defendant denies this paragraph except to admit that Plaintiff Erika Wesley is female, currently resides in Arizona, made initial contact with the EEOC on February 7, 2018, filed an EEO complaint that was received on May 25, 2018, and June 6, 2019, and filed an EEO complaint on July 23, 2019.

15. Defendant denies this paragraph except to admit that Plaintiff D.A. is a female resident of Maryland, is currently employed by the FBI as a Staff Operations Specialist, was dismissed from the training program on June 29, 2018, made contact with the EEOC on July 2, 2018, and filed an EEO complaint on September 21, 2018.

16. Defendant denies this paragraph except to admit that Plaintiff S.B. is a female resident of Maryland, is currently employed by the FBI as an Information Management Specialist, was dismissed from the training program on September 20, 2017, made contact with the EEOC on February 13, 2018, and filed a formal EEO complaint on March 13, 2018.

17. Defendant denies this paragraph except to admit that Plaintiff D.C. is a female resident of Virginia, is currently employed by the FBI as an Intelligence Analyst, was dismissed from the training program on February 1, 2018, made contact with the EEOC on March 2, 2018, and filed a formal EEO complaint on April 5, 2018.

18. Defendant denies this paragraph except to admit that Plaintiff P.E. is a female; was dismissed from the training program on October 25, 2016; made initial contact with the EEOC on April 24, 2019; and filed an EEO complaint on May 23, 2019; and to state that Defendant lacks knowledge or information sufficient to admit or deny P.E.'s residency.

19. Defendant denies this paragraph except to admit that Plaintiff B.G. is a female; was dismissed from the training program on October 24, 2018; made initial contact with the EEOC on October 30, 2018; and filed an EEO complaint on November 28, 2018; and to state that Defendant lacks knowledge or information sufficient to admit or deny B.G.'s residency.

20. Defendant denies this paragraph except to admit that Plaintiff W.M. is a female resident of North Carolina, was dismissed from the training program on June 29, 2018, made initial contact with the EEOC on July 17, 2018, and filed an EEO complaint on August 20, 2018.

21. Defendant denies this paragraph except to admit that Plaintiff C.S. is a female; was dismissed from the training program on July 14, 2017; made initial contact with the EEOC on December 3, 2018; and filed an EEO complaint on February 6, 2019; and to state that Defendant lacks knowledge or information sufficient to admit or deny C.S.'s residency.

22. Defendant denies this paragraph except to admit that Plaintiff L.S. is a female; was dismissed from the training program on October 2, 2015; made initial contact with EEO on October 8, 2015; and filed an EEO complaint on January 16, 2016; and to state that Defendant lacks knowledge or information sufficient to admit or deny L.S.'s residency.

23. Defendant denies this paragraph except to admit that Plaintiff G.T. is a female; was dismissed from the training program on February 1, 2018; made initial contact with the EEOC on February 13, 2018; and filed an EEO complaint on March 15, 2018; and to state that Defendant lacks knowledge or information sufficient to admit or deny G.T.'s residency.

24. Defendant lacks knowledge or information sufficient to admit or deny the first sentence, except to admit that Plaintiff T.S. is a female. Defendant denies the second sentence except to admit that T.S was dismissed from the training program on May 13, 2016, made initial contact with the EEOC on May 16, 2016, and filed an EEO complaint on July 6, 2016.

Defendant lacks knowledge or information sufficient to admit or deny the allegations in the third sentence, except to admit that T.S. received a Final Agency Decision dated November 21, 2019.

## FACTUAL BACKGROUND

### I. DISCRIMINATORY DISCHARGE PRACTICES

25. This paragraph contains Plaintiffs' characterization of this lawsuit to which no response is required. If a response is deemed necessary, Defendant denies this paragraph.

26. Defendant denies this paragraph, except to admit that the FBI's Training Division administers the Basic Field Training Course for New Agent Trainees and New Intelligence Analyst Trainees, and that the Assistant Director for Training Division dismisses trainees from the training program.

27. This paragraph contains Plaintiffs' characterization of this lawsuit to which no response is required. If a response is deemed necessary, Defendant denies this paragraph.

#### A. Agent Trainee Program

28. Defendant denies this paragraph except to admit that the New Agent Trainees at the Basic Field Training Course receive law enforcement skills training from Supervisory Special Agent instructors, the training typically lasts approximately twenty weeks, and the training generally includes academics, case exercises, firearms training, and operational skills.

29. Defendant denies except to admit that trainees are evaluated, some evaluations are conducted using rubrics, and a Supervisory Special Agent instructor may issue a Suitability Notation to a New Agent Trainee for behavior or performance issues.

30. Defendant denies the first sentence except to admit that a New Agent Trainee may receive a Suitability Notation for behavior or performance issues that may reflect negatively or positively on the New Agent Trainee's overall suitability dimension rating. Defendant admits the

second and third sentences. Defendant denies the fourth sentence except to admit that Field Counselors and Supervisory Special Agent instructors evaluate New Agent Trainees based on the suitability dimensions.

31. This paragraph contains Plaintiffs' characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies this paragraph.

32. Defendant denies except to admit that New Agent Trainees receive instruction in Concepts and Tactics for Survival and Care Under Fire, and are expected to apply tactical skills during the practical applications program.

33. Defendant denies except to admit that New Agent Trainees are evaluated on their individual performance in accordance with the Tactical Training Rubric. Defendant respectfully refers the Court to the document quoted in this paragraph, the applicable Basic Training Requirements Document for each Basic Field Training Course class, for a complete and accurate statement of its contents.

34. Defendant denies except to admit that training rubrics are and have been used to evaluate New Agent Trainees. Defendant respectfully refers the Court to the applicable Tactical Training Rubric for a complete and accurate statement of its contents.

35. Defendant denies except to admit that tactical principles such as those identified are and have been used in the past to evaluate New Agent Trainees, and to aver that the Tactical Training Rubric is subject to periodic revision and may not have included these specific areas at all points during the relevant time period for this case. Defendant respectfully refers the Court to the applicable Tactical Training Rubric for a complete and accurate statement of its contents.

36. Defendant denies the allegations in the first sentence, and respectfully refers the Court to the applicable Tactical Training Rubric for a complete and accurate statement of its

contents. The second sentence contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, denied.

37. Defendant denies except to admit that during Tactical Training New Agent Trainees are expected to apply themselves in a manner which does not violate the Critical Elements of Tactical Training and that critical elements, such as those identified, are and have been used in the past to evaluate New Agent Trainees, and to state that Defendant respectfully refers the Court to the document allegedly quoted, the Tactical Feedback Form, for a complete and accurate statement of its contents.

38. Defendant denies except to state that Defendant respectfully refers the Court to the cited document, the applicable Tactical Training Rubric, for a complete and accurate statement of its contents.

39. Defendant denies the allegations in the first two sentences. The remaining allegations in this paragraph contain Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the remaining allegations.

40. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies this paragraph.

41. Defendant denies the first sentence, except to admit that that suitability notations may result in a New Agent Trainee being placed under a Suitability Review or before a Trainee Review Board. The remaining allegations in this paragraph contain Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, denied.

**B. Analyst Trainee Program**

42. Defendant denies the first two sentences, except to admit that New Intelligence Analyst Trainees receive training at the FBI Academy for approximately 12 weeks and attend certain classes with New Agent Trainees during the Basic Field Training Course. Defendant denies the third sentence, except to admit that at a certain point during the Basic Field Training Course, New Intelligence Analysts and New Agent Trainees pursue separate training curricula.

43. Defendant denies the first sentence except to admit that New Intelligence Analyst Trainees are evaluated on job-related skills and suitability during the Basic Field Training Course. Defendant denies the second sentence except to admit that a New Intelligence Analyst Trainee may receive a Suitability Notation for behavior and/or performance issues that may reflect negatively or positively on the New Intelligence Analyst Trainee's overall suitability dimension rating. Defendant denies the third sentence except to admit that suitability dimensions apply to New Intelligence Analyst Trainees, and that applicable suitability dimensions are described in the applicable Basic Training Requirements Document for each class; Defendant respectfully refers the Court to those documents for a complete and accurate statement of their contents. Defendant denies the fourth sentence except to admit that Field Counselors and Supervisory Intelligence Analyst instructors evaluate New Intelligence Analyst Trainees throughout the Basic Field Training Course based on the suitability dimensions.

44. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. To the extent that further answer is deemed necessary, defendant denies the allegations in this paragraph.

45. Defendant denies the first sentence except to admit that suitability notations may result in Suitability Review, which, in turn, may result in the initiation of a Trainee Review

Board. The remaining allegations in this paragraph constitute Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, denied.

**C. Discipline and Discharge Processes**

46. Defendant denies the first sentence except to admit that the Training Division is comprised of three sections: Curriculum Management Section, Leadership and Training Services Section, and Instruction Section. Defendant denies the second sentence except to admit that Supervisory Special Agents serve as instructors within the Instruction Section and that the Instruction Section has several units which teach at particular training venues. Defendant denies the third sentence except to admit that Field Counselors may issue suitability notations to trainees and are part of the Trainee Management Unit, and that some residential Field Counselors live in the dorms.

47. Defendant denies the first sentence except to admit that suitability notations may result in Suitability Review. Defendant denies the second sentence except to admit that the Trainee Management Unit will coordinate with the substantive unit(s) and Training Division Executive Management if a trainee's performance or behavior does not meet expectations, and the Trainee Management Unit will inform the trainee that he/she is under Suitability Review. Defendant denies the third sentence except to admit that, during the period of Suitability Review, a trainee may be removed from training pending the final determination of the trainee's overall suitability and his/her continued participation in the Basic Field Training Course.

48. Defendant denies the first sentence except to admit that, prior to a Trainee Review Board, the Trainee Management Unit may provide the Training Division's Executive Management suitability notations and other documentation regarding the New Agent Trainee's

or New Intelligence Analyst Trainee's performance during the Basic Field Training Course. Defendant denies the remaining allegations in the third sentence.

49. Defendant denies except to admit that the Trainee Review Board may consist of the following individuals, or their designees: the Deputy Assistant Director of the Training Division; a representative from each Section of the Training Division; a representative from the Office of the General Counsel; the Unit Chief of the Trainee Management Unit; and a minority representative at the GS-15 level.

50. Defendant denies except to admit that the Trainee Review Board provides a recommendation to the Assistant Director of the Training Division, and that the Assistant Director of the Training Division determines whether to dismiss trainees from the training program.

51. Defendants denies except to admits that instructors, Training Division employees, and trainees may or may not serve as witnesses for the Trainee Review Board.

52. Defendant denies except to admit that dismissals from the Basic Field Training Course may be initiated due to a number of factors including, but not limited to, the following findings: a trainee did not meet the necessary proficiency standards, a trainee exhibited behavior inconsistent with the suitability dimensions, a trainee failed to adhere to the Standards of Conduct, and a trainee failed to adhere to the FBI Academy Honor Code. Defendant respectfully refers the Court to the Tactical Training Rubric for a complete and accurate statement of its contents.

53. Defendant denies the first sentence except to admit that New Agent Trainees and New Intelligence Analyst Trainees may be recycled, that is, separated from their Basic Field Training Course section and placed into a subsequent Basic Field Training Course section.

Defendant denies the second sentence except to admit that the applicable Basic Training Requirements Document for each class describes the circumstances under which a New Agent Trainee or New Intelligence Analyst Trainee may be recycled. Defendant denies the third sentence.

54. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, defendant denies the allegations in this paragraph.

55. This paragraph includes Plaintiffs' characterization of their claims and legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

## II. AGENT TRAINEE SUBCLASS ALLEGATIONS

56. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

57. This paragraph contains Plaintiffs' legal conclusions and characterization of this lawsuit to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

58. This paragraph contains Plaintiffs' characterization of this lawsuit to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

59. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

60. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

61. This paragraph and subparts contain Plaintiffs' legal conclusions and characterization of this their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

62. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

63. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

64. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

65. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

66. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

## III. ANALYST TRAINEE SUBCLASS ALLEGATIONS

67. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

68. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

69. This paragraph contains Plaintiffs' characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

70. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

71. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

72. This paragraph and subparts contain Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

73. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

74. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

75. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

76. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

77. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

## IV. NAMED PLAINTIFF ALLEGATIONS

### PAULA BIRD

78. Defendant lacks knowledge or information sufficient to admit or deny this paragraph, except to admit that Ms. Bird is female and graduated from college.

79. Defendant denies except to admit that Ms. Bird attended the Basic Field Training Course as a New Agent Trainee in 2018, and passed the physical fitness test, the pistol qualification test, the defensive tactics test and the academic tests.

80. Defendant denies except to admit that Ms. Bird received seven suitability notations for Tactical Training that were all related to tactical performance.

81. Defendant denies except to admit that Ms. Bird received a total of seven suitability notations, and one of the suitability notations was for the misapplication of deadly force that included the notification "without a flashlight."

82. Defendant denies the first sentence except to admit that Ms. Bird was placed under a Suitability Review and a Trainee Review Board was convened. Defendant denies the second sentence. Defendant denies the third sentence except to admit that Ms. Bird and another female trainee did not take the tactics test prior to their dismissal. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the fourth sentence. Defendant denies the allegations in the fifth sentence.

83. Defendant denies except to admit that Ms. Bird was dismissed from the Basic Field Training Course on May 1, 2018, by the Assistant Director of the Training Division, that Ms. Bird was recommended for continued FBI employment, and that her class, 18-01, graduated on May 24, 2018.

84. Defendant denies the first sentence except to admit that Ms. Bird works for the FBI as an Operational Support Technician, and that this position generally is at a lower pay grade than that of Special Agent. Defendant lacks knowledge or information sufficient to admit or deny the second sentence. Defendant denies that the evaluation process is discriminatory, and lacks knowledge or information sufficient to admit or deny the remaining allegations in the third sentence.

**GABRIELLE BARBOUR**

85. Defendant lacks knowledge or information sufficient to admit or deny the first sentence, except to admit that Ms. Barbour is a female who received a bachelor's degree from Pennsylvania State University in International Politics and Print Journalism. Defendant admits the remaining allegation in the paragraph.

86. Defendant denies the allegations in this paragraph, except to admit that Ms. Barbour attended the Basic Field Training Course as a New Intelligence Analyst Trainee in 2018, and passed academic tests.

87. Defendant denies the allegations in this paragraph except to admit that Ms. Barbour received three suitability notations during the Basic Field Training Course, and to state that Defendant lacks knowledge or information sufficient to admit or deny the allegations concerning Ms. Barbour's subjective understanding. Defendant respectfully refers the Court to the cited suitability notations for a complete and accurate statement of their contents.

88. Defendant denies the allegations in the first sentence. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in the paragraph.

89. Defendant denies the allegations in the first sentence. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in the paragraph.

90. Defendant denies the allegations in the first sentence. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

91. Defendant denies the allegations in this paragraph, except to admit that Ms. Barbour contacted her class counselor.

92. Defendant denies the first, second, and third sentences. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph.

93. Defendant denies the allegations in this paragraph, except to admit that on July 31, 2018, a Trainee Review Board was convened; Ms. Barbour was dismissed from the Basic Field Training Course; that Ms. Barbour received two suitability notations; and the Assistant Director of the Training Division dismissed her from the training program.

**CLARE COETZER**

94. Defendant admits the first sentence. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

95. Defendant denies except to admit that Ms. Coetzer attended the Basic Field Training Course as a New Agent Trainee in 2018, and that she passed the physical fitness test, pistol qualification test, and academic tests.

96. Defendant denies except to admit that Ms. Coetzer received four suitability notations for Tactical Training, and to state that Defendant respectfully refers the Court to the cited suitability notations for a complete and accurate statement of their contents.

97. The first sentence of this paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, denied. Defendant lacks knowledge or information sufficient to admit or deny the second sentence. Defendant lacks knowledge or information sufficient to admit or deny the third sentence except to admit that Mr. Herron had a conversation with Ms. Coetzer regarding her performance. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the fourth sentence.

98. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the first and second sentences. Defendant denies the third sentence.

99. Defendant denies the allegations in this paragraph, except to admit that Ms. Coetzer was placed under a Suitability Review, and that four females and two males from Ms. Coetzer's section were recommended for suitability reviews by TTU.

100. Defendant denies the allegations in the first sentence except to admit that a TRB was convened prior to her taking the tactics exam. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, except to admit that Mr. Herron provided feedback to Ms. Coetzer.

101. Defendant denies the first sentence except to admit that Ms. Coetzer was dismissed from the Basic Field Training Course on June 29, 2018, and that the Assistant Director of the Training Division dismissed her from the Basic Field Training Course. Defendant denies the allegations in the second sentence.

**SPENCER LEE**

102. Defendant lacks knowledge or information sufficient to admit or deny the first sentence, except to admit that Ms. Lee is female and holds a bachelor's degree from Sam Houston State University and a master's degree in Clinical Mental Health. Defendant admits the second sentence. Defendant denies the third sentence except to admit that Ms. Lee filed an internal complaint alleging sexual harassment while assigned to the FBI field office in Kansas City. Defendant denies the fourth sentence except to admit that Ms. Lee settled her internal complaint and agreed to accept and make every effort to obtain the first available Intelligence Analyst Training Course.

103. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in the first and second sentences. Defendant denies the remaining allegations except to admit that prior to attending the Basic Field Training Course, Ms. Lee

requested an accommodation; and that she was provided a single sleeping room and a refrigerator for her medication.

104. Defendant denies the allegations in this paragraph except to admit that Ms. Lee attended the Basic Field Training Course, and that she passed three written exams and one performance exam.

105. Defendant denies the allegations in the first sentence except to admit that a precautionary dorm room health and welfare check was conducted on or about February 7, 2018. Defendant denies the second sentence. Defendant denies the allegations in the third sentence except to admit that prior to attending the BFTC, Ms. Lee requested a refrigerator for her dorm room and a single room. Defendant denies the fourth sentence. Defendant denies the allegations in the fifth sentence except to admit that prohibited items were found in other dorm rooms. Defendant denies the sixth sentence. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the seventh sentence.

106. Defendant denies the first sentence except to admit that Ms. Lee received three suitability notations. Defendant denies the second sentence except to admit that Ms. Lee received a Suitability Notation on January 30, 2018, based on an interaction with her field counselor. Defendant denies the third sentence except to admit that the January 30 suitability notation was due to Ms. Lee's eating in the classroom. Defendant denies the fourth sentence. Defendant denies the fifth sentence except to admit that Ms. Lee received a Suitability Notation on February 22, 2018, for knowingly taking a prohibited item into the classroom. Defendant denies the sixth sentence. Defendant denies the seventh sentence except to admit that Ms. Lee received a third Suitability Notation on February 23, 2018, for taking it upon herself to change/amend her orders after being instructed to not do so.

107. Defendant denies the allegations in this paragraph, except to admit that Ms. Lee received three Suitability Notations.

108. Defendant denies the first sentence except to admit that Spencer Lee was placed on a Suitability Review following her third Suitability Notation. Defendant denies the second sentence except to admit that a TRB was convened for Ms. Lee on March 8, 2018. Defendant denies the third sentence. Defendant admits the fourth sentence. Defendant admits that on March 9, 2018, the Acting Assistant Director dismissed Ms. Lee from the Basic Field Training Course.

**LAUREN ROSE**

109. Defendant admits that Ms. Rose is a woman with a college degree, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in the first sentence. Defendant admits the allegations in the second sentence.

110. Defendant denies except to admits that Ms. Rose attended the New Agent Training Program as a New Agent Trainee in 2015, and that Ms. Rose passed academic tests, the physical fitness test, and defensive tactics test.

111. Defendant denies this paragraph except to admit that Ms. Rose received three suitability notations for Tactical Training.

112. Defendant denies the first two sentences except to admit that a New Agent Review Board was convened for Ms. Rose, Ms. Rose was dismissed from the New Agent Training Program by the Assistant Director of Training Division on May 20, 2015, and her class graduated on May 29, 2015. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the third and fourth sentences.

113. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the first three sentences. Defendant denies the remaining allegations except to

admit that Plaintiff sent letters to Owen Harris and James Turgel requesting reinstatement and that Ms. Rose filed a complaint of discrimination on August 3, 2015, regarding her dismissal from the training program.

114. Defendant denies the allegations in the first sentence except to admit that Ms. Rose requested reinstatement on July 27, 2015. Defendant denies the second sentence. Defendant denies the allegations in the third sentence expect to admit that Ms. Rose sent a letter to Assistant Director David Resch on August 15, 2016. Defendant denies allegations in the fourth sentence except to admit that Ms. Rose sent letters to HRD and TD. Defendant denies the allegations in the fifth sentence except to admit that Ms. Rose's attorney was informed on October 5, 2018, that Ms. Rose did not have the option to request reinstatement. Defendant denies the allegations in the sixth sentence except to admit that Ms. Rose filed an EEO compliant on December 10, 2018.

115. Defendant lacks knowledge or information sufficient to admit or deny the first sentence except to admit that Ms. Rose was converted to a Staff Operations Specialist position on June 28, 2015, and that this position is generally at a lower pay grade than that of Special Agent. Defendant denies the second sentence except to admit that Ms. Rose requested reinstatement.

**DANIELLE SNIDER**

116. Defendant admits the first sentence. Defendant lacks knowledge or information sufficient to admit or deny the second sentence, except to admit that Ms. Snider's highest rank in the Air Force was an O-3. Defendant admits the third sentence. Defendant lacks knowledge or information sufficient to admit or deny the fourth sentence, except to admit that at the time of her application, she was in the Air Force reserves. Defendant lacks knowledge or information

sufficient to admit or deny the remaining allegations in the paragraph, except to admit that Ms. Snider worked at the National Counterterrorism Center.

117. Defendant denies the allegations in this paragraph except to admits that Ms. Snider attended the Basic Field Training Course as a New Agent Trainee in 2017, and that Ms. Snider passed academic tests, pistol and carbine qualification tests, and the physical fitness test.

118. Defendant admits that Ms. Snider received five suitability notations for Tactical Training. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the second sentence. Defendant denies the allegations in the third sentence except to admit that at the time of her TRB, Ms. Snider was ranked number 25 in academics.

119. Defendant denies except to admit that Ms. Snider was placed under a Suitability Review; a Trainee Review Board was convened on January 30, 2018; Ms. Snider was dismissed from the Basic Field Training Course on January 31, 2018, by the Assistant Director of the Training Division; and that her class, 17-05, graduated on February 16, 2018.

120. Defendant denies except to admit that five females and one male from class 17-05 were referred to a TRB, five females were dismissed, and one male was retained in the training program, and to state that Defendant lacks knowledge or information sufficient to admit or deny the fourth sentence.

121. Defendant denies the allegations in the first sentence except to admit that Ms. Snider was dismissed from the Basic Field Training Course on January 31, 2018, and recommended for continued FBI employment. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in the paragraph.

122. Defendant admits that Ms. Snider is no longer an FBI employee, denies that the evaluation process is discriminatory, and lacks knowledge or information to admit or deny the remaining allegations.

**ERIKA WESLEY**

123. Defendant denies the first sentence except to admit that Ms. Wesley is a woman with a bachelor's degree in Business from the College of William and Mary. Defendant lacks knowledge or information sufficient to admit or deny the second sentence, except to admit that Ms. Wesley has a master's degree in Criminology from the University of Essex. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the third, fourth, and fifth sentences, except to admit that Ms. Wesley worked for the FBI for six years and separated from the FBI in 2010. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in the last sentence, except to admit that Ms. Wesley was reinstated in 2018.

124. Defendant denies except to admit that Ms. Wesley has requested and at times received accommodations for alleged medical conditions.

125. Defendant admits the first and second sentence. Defendant denies the third sentence except to admit that Ms. Wesley completed the Basic Field Training Course, and that she received a Suitability Notation for conduct.

126. Denied.

127. Defendant denies except to state that Defendant lacks knowledge or information sufficient to admit or deny the allegations in the second sentence.

128. Defendant denies the first sentence. The second sentence is Ms. Wesley's conclusion of law to which no response it required. If a response is deemed necessary, denied.

Defendant denies the allegations in the third sentence. Defendant lacks knowledge or information sufficient to admit or deny the fourth and fifth sentences.

129. Defendant denies the allegations in the first sentence. Defendant denies the second sentence except to admit that Mr. Zwiesler was Ms. Wesley's field counselor and to state that Defendant lacks knowledge or information sufficient to admit or deny the allegations concerning Ms. Wesley's need to keep medications with her. Defendant lacks knowledge or information sufficient to admit or deny the third sentence. The allegations in the fourth sentence are Ms. Wesley's legal conclusions and characterization of her claims, to which no response is required. If a response is deemed necessary, Defendant denies the fourth sentence.

130. Defendant denies the allegations in the first sentence. Defendant admits that Ms. Wesley had conversations with IA Bouey, and lacks knowledge or information sufficient to admit or deny the contents of their conversations.

131. Defendant denies except to state that Defendant lacks knowledge or information sufficient to admit or deny Ms. Wesley's reactions.

132. Defendant denies except to admit that a precautionary dorm room health and welfare check was conducted on or about February 7, 2018, due to an earlier fire drill of one of the dorms where the Fire Marshall directed that any items in violation be unplugged, and that following the check, TD worked with trainees to fix any violations. Defendant lacks knowledge or information sufficient to admit or deny the second sentence. Defendant denies the third and fourth sentences except to admit that prohibited items were found in other dorm rooms. Defendant denies the allegations in the fifth sentence.

133. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the first three sentences. The fourth sentence contains Plaintiff Wesley's legal

conclusions and characterization of her claims, to which no response is required. If a response is deemed necessary, Defendant denies the fourth sentence. Defendant denies the fifth sentence except to admit that Ms. Wesley was issued a suitability notation. Defendant lacks knowledge or information sufficient to admit or deny the sixth sentence.

134. Defendant denies except to admit that Ms. Wesley spoke with Kellie Holland regarding Mr. Zwiesler getting upset with Ms. Wesley because Ms. Wesley was not following the rules.

135. Defendant denies except to admit that Ms. Wesley received a Suitability Notation on March 14, 2018.

136. Defendant denies except to admit that Ms. Wesley graduated from Basic Training, was assigned to work as an Intelligence Analyst in the FBI's Phoenix Division beginning in April 2018, and requested and was provided ergonomic equipment and an alternative work schedule

137. Defendant denies the first sentence except to admit that Ms. Wesley filed an EEO charge on May 18, 2018, that was received in the OEEOA on May 25, 2018, and was named as a Plaintiff in the Complaint filed in this action on May 29, 2019. Defendant admits that Erika Wesley's attorney sent a draft copy of the lawsuit to members of the FBI Office of General Counsel and that some Plaintiffs requested to proceed under pseudonym. Defendant respectfully refers to the docket in this action and denies any inconsistent allegations. Defendant admits the third sentence.

138. Defendant denies the allegations in the first sentence. Defendant denies the second sentence except to admit that ASAC Braun had a conversation with SIA Martinez on May 29, 2019, and discussed the make-up of her squad. Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in the third sentence, except to admit that SIA Martinez wanted Erika Wesley to be assigned to her squad. Defendant denies the allegations in the fourth sentence.

139. Denied.

140. The first sentence contains Erika Wesley's conclusions of law, to which no response is required. If a response is deemed necessary, denied. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the second sentence. Defendant denies the third and fourth sentences except to admit that Mr. Braun sent an email on June 5, 2019. Defendant denies the fifth sentence except to admit that Ms. Wesley was transferred to work under Supervisory Intelligence Analyst Kelly Burzacchi on June 9, 2019. Defendant denies the last sentence.

141. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence. Defendant denies the second sentence except to admit that Ms. Wesley was assigned to a squad supervised by SIA DeGroot. Defendant denies the third sentence.

142. Defendant denies the first sentence. Defendant denies the second sentence except to admit that Ms. Wesley submitted a request to telework. Defendant denies the third sentence except to admit that SIA Burzacki requested that all employees, including Ms. Wesley, return their ERAS laptops by July 12, 2019. Defendant denies the fourth sentence except to admit that Ms. Wesley returned the laptop and requested continued use of the ERAS computer, and that ASAC Braun informed Ms. Wesley that the Phoenix Division had an identified need for ERAS computers in support of prioritized operational mission requirements. Defendant denies the last

sentence except to admit that Ms. Wesley returned the laptop and that it was not immediately reassigned.

143. Defendant denies except to admit that Special Agent in Charge Sean Kaul of the Phoenix Division set core hours for the division.

144. This paragraph is Ms. Wesley's characterization of her case and conclusions of law to which not response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

145. Defendant denies except to admit that Ms. Wesley filed a reasonable accommodation request with the OEEOA on July 15, 2019.

146. Defendant denies except to admit that the Inspection Division conducted an investigation and the matter was referred to OPR for adjudication, and that Ms. Wesley's security clearance was suspended and she was in a non-pay status during the investigation.

147. Defendant denies except to admit that on November 12, 2020, Ms. Wesley's security clearance was reinstated; Ms. Wesley returned to work on January 21, 2021; and when Ms. Wesley returned to work in January 2021, she was provided back pay that was paid to her once the timecards were corrected after her return to work.

148. This paragraph is Ms. Wesley's characterization of her case and conclusions of law to which not response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

149. Defendant denies except to admit that some of Ms. Wesley's leave was subtracted from her balance, and that Ms. Wesley had to provide additional medical documentation per FMLA policy.

150. Defendant denies except to admit that Ms. Wesley filed a reasonable accommodation request on February 2, 2021.

151. Defendant denies the allegations in the first sentence. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the second sentence.

152. Defendant denies the allegations in this paragraph except to admit that Ms. Wesley was suspended and recommended for termination in a letter dated April 22, 2021.

153. Admitted.

154. The allegations in this first sentence are Ms. Wesley's characterization of her case and a conclusion of law to which no response is required. Defendant denies the allegations in the second sentence except to admit that the date of initial contact was March 3, 2021. Defendant admits the third and fourth sentence. Defendant admits the fifth and sixth sentence.

155. Defendant admits the first sentence. Defendants lacks knowledge or information sufficient to admit or deny the allegations in the second sentence, except to admit that Ms. Wesley made initial contact on September 23, 2021. Defendant admits the third and fourth sentences.

**"D.A"**

156. Defendant admits that D.A. is a woman who entered on duty with the FBI in December 2011, as a Staff Operations Specialist, graduated from Mount St. Mary's with a degree in Sociology and Criminal Justice, graduated from Monmouth University with a master's degree in Homeland Security, and graduated from Nova Southeastern University with a PHD in Behavioral Science. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in the paragraph.

157. Defendant admits that D.A. attended the Basic Field Training Course as a New Agent Trainee in 2018. Defendant denies the second sentence except to admit that D.A passed the physical fitness test, the Pistol Qualification test, defensive tactics tests and academic tests.

158. Denied.

159. Defendant admits that D.A. received suitability notations for Tactical Training, but states that D.A. received four suitability notations. Defendant denies the allegations in the second sentence except to admit that D.A. received a Suitability Notation when she dropped her weapon. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the third and fourth sentences. Defendant denies the fifth sentence except to admit that D.A. received a second Suitability Notation. Defendant denies the last three sentences except to admit that D.A. received a third suitability notation during the hostage scenario.

160. Defendant admits that on June 27, 2018, a Trainee Review Board was convened, that D.A. was dismissed from the Basic Field Training Course, and that D.A. was informed on June 29, 2018, that the Assistant Director of Training Division dismissed her from the Basic Field Training Course.

161. Defendant admits that D.A. was converted to a Staff Operations Specialist position in August 2018, and that this position is generally at a lower pay grade than that of Special Agent. Defendant denies that the evaluation process is discriminatory, and lacks knowledge or information sufficient to admit or deny the remaining allegations in the second sentence.

**"S.B"**

162. Defendant admits that S.B. is a woman who graduated from West Virginia University with two degrees in Criminology and Psychology. Defendant lacks knowledge or

information sufficient to admit or deny the remaining allegations in the first and second sentences. Defendant admits that S.B. was hired as a Management and Program Analyst with the FBI in September 2014. Defendant admits that S.B. received cash awards and promotions while working for the FBI but lacks knowledge or information sufficient to admit or deny the remaining allegations in the fourth sentence.

163. Defendant denies except to admit that S.B. attended the Basic Field Training Course as a New Agent Trainee in 2017, and that S.B. passed the physical fitness test, academic tests, the pistol and carbine qualification tests.

164. Defendant admits that S.B. received three suitability notations during the Basic Field Training Course from TTU. Defendant denies the allegations in the second sentence except to admit that S.B. received a Suitability Notation for several errors during paint gun scenarios and a second Suitability Notation during CATS-4 training. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in the paragraph.

165. Defendant denies the allegations in the first sentence except to admit that S.B. was placed under a Suitability Review on September 18, 2017, and a Trainee Review Board was convened on September 20, 2017. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the fourth sentence. Defendant denies the allegations in the fifth sentence except to admit that S.B. received three suitability notations. Defendant denies the allegations in the sixth sentence.

166. Defendant denies the first and second sentences. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the third, fourth, and fifth sentences.

167. Defendant denies this paragraph except to admit that the Assistant Director of the Training Division dismissed S.B. from the Basic Field Training Course.

168. Defendant admits that S.B. was converted to an Information Management Specialist position in February 2018, and that this position is generally at a lower pay grade than that of Special Agent. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in the first sentence. Defendant denies that the evaluation process is discriminatory, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in the second sentence.

**"D.C."**

169. Defendant admits the first sentence. Defendant admits that D.C. entered on duty with the FBI in December 2011, as a Financial Operations Specialist in San Antonio, Texas, and transitioned to the Intelligence Analyst position in September 2014. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

170. Defendant admits that D.C. attended the Basic Field Training Course as a New Agent Trainee in 2017. Defendant lacks knowledge or information sufficient to admit or deny the second and third sentences, except to admit that D.C. passed the physical fitness tests, academic tests, defensive tactics test with a perfect score, pistol and carbine qualification tests and performance tests.

171. Defendant denies the allegations in the first, second and third sentences except to admit that D.C. received four suitability notations for Tactical Training, for pointing a gun at her partner's back. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the fourth sentence. Defendant denies the fifth sentence except to admit that SSA Herron was the reporting staff member for one of D.C.'s suitability notations. Defendant lacks knowledge or information sufficient to admit or deny the last two sentences.

172. Defendant denies the first sentence except to admit that D.C. received a Suitability Notation for discharging nine shots. Defendant denies the second sentence. Defendant lacks knowledge or information sufficient to admit or deny the third sentence.

173. Defendant admits that D.C. was notified that a Suitability Review was being initiated on January 26, 2018, and a TRB was convened on January 31, 2018. Defendant lacks knowledge or information sufficient to admit or deny the allegations in third, fourth, and fifth sentences.

174. Defendant denies the allegations in this paragraph except to admit that D.C. was dismissed from the Basic Field Training Course by the Assistant Director of the Training Division on January 31, 2018, and that D.C. did not pass tactical training.

175. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph.

176. Defendant admits that D.C. was converted to an Intelligence Analyst position in March 2018, that this is the position title she held prior to entering Basic Training, and that this position generally receives a lower salary compared to the position of Special Agent. Defendant denies that the evaluation process is discriminatory, and otherwise lacks knowledge or information sufficient to admit or deny the second sentence.

**"P.E."**

177. Defendant lacks knowledge or information sufficient to admit or deny the first sentence, except to admit that P.E. is a woman who graduated from Pace University. Defendant admits the second sentence. Defendant lacks knowledge or information sufficient to admit or deny the third and fourth sentences. Defendant admits the fifth sentence. Defendant lacks knowledge or information sufficient to admit or deny the sixth sentence, except to admit that P.E.

worked for the FBI as a Surveillance Specialist for four years. Defendant lacks knowledge or information sufficient to admit or deny the fourth sentence. Defendant lacks knowledge of information sufficient to admit the allegations in the fifth sentence, except to admit that P.E. obtained a green belt in the martial arts programs. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, except to admit that P.E. was a Gunnery Sargent in the Marine Corp Reserves at the time of her entering the BFTC.

178. Defendant admits the first sentence. Defendant denies the second sentence except to admit that P.E. passed the physical fitness tests, pistol qualification tests, and academic tests.

179. Defendant denies the first sentence except to admit that that P.E. received a total of eight Suitability Notations, six of which were from the Tactical Training Unit. Defendant denies the allegations in the second sentence, except to admit that P.E. received a Suitability Notation for actions which included flagging her partner. Defendants denies the third sentence except to admit that P.E. received a Suitability Notation for flagging her partner. Defendant denies the allegations in the fourth sentence. Defendant admits that P.E. received a third Suitability Notation. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence. Defendant admits that P.E. received a Suitability Notation for misapplication of deadly force. Defendant denies the allegations in the seventh sentence.

180. Defendant denies the allegations in the first sentence. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

181. Defendant denies except to admit that a New Agent Review Board was convened for P.E. on or about October 25, 2016, and that the Assistant Director of the Training Division dismissed P.E. from the training program.

182. Defendant denies that the evaluation process is discriminatory, admits that P.E. no longer works for the FBI, and lacks knowledge or information sufficient to admit or deny remaining allegations.

**"B.G."**

183. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, except to admit that B.G. is a woman who graduated from the State University of New York at Albany, and that B.G. joined the FBI.

184. Defendant admits that B.G. attended the Basic Field Training Course as a New Agent Trainee in 2018. Defendant denies the second sentence except to admit that B.G. passed tests including the physical fitness test and the firearms test.

185. Defendant denies except to admit that B.G. received suitability notations during the Basic Field Training Course.

186. This paragraph contains B.G.'s legal conclusions and characterization of her claims, to which no response is required. If a response is deemed necessary, Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

187. Defendant admits that B.G. failed the Defensive Tactics Test during the Basic Field Training Course. The remaining allegations contain Plaintiffs' characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

188. This paragraph contains B.G.'s legal conclusions and characterization of her claims, to which no response is required. If a response is deemed necessary, Defendant denies any remaining allegations in this paragraph.

189. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, except to admit that B.G. was dismissed from the Basic Field Training Course on October 24, 2018.

190. Defendant lacks knowledge or information sufficient to admit or deny the first sentence, except to admit that B.G. was converted to an Operational Support Technician position in November 2018, and that this position receives a generally lower pay grade than that of Special Agent. Defendant denies that the evaluation process is discriminatory, and otherwise lacks knowledge or information sufficient to admit or deny the second sentence.

**"W.M."**

191. Defendant lacks knowledge of information sufficient to admit or deny the allegations in this paragraph, except to admit that W.M. is a woman with a college degree who entered on duty with the FBI in September 2014, as a Staff Operations Specialist.

192. Defendant admits that W.M. attended the Basic Field Training Course as a New Agent Trainee in 2018.

193. Defendant denies this paragraph except to admit that W.M. passed the physical fitness test, academic tests, pistol qualification tests, and defensive tactics tests.

194. Defendant admits that W.M. received four suitability notations for Tactical Training and was placed under a Suitability Review. Defendant respectfully refers to those suitability notations for complete and accurate statements of their contents.

195. Defendant denies this paragraph except to admit that W.M. was placed under a Suitability Review and a Trainee Review Board was convened.

196. Defendant admits that the Assistant Director of the Training Division dismissed W.M. from the Basic Field Training Course, lacks knowledge or information sufficient to admit

or deny the remaining allegations in the first paragraph. Defendant denies the third sentence except to admit that W.M. was dismissed from the training program due to lack of emotional maturity and not recommended for further employment with the FBI. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in the paragraph, except to admit that W.M. was converted to a Staff Operations Specialist in the Charlotte Division.

197. Defendant lacks knowledge or information sufficient to admit or deny the first sentence, except to admit that W.M. was converted to a Staff Operations Specialist position in August 2018, and that this position generally receives a lower pay grade than that of Special Agent. Defendant denies that the evaluation process is discriminatory, and otherwise lacks knowledge or information sufficient to admit or deny the remaining allegations in the second sentence.

**"C.S."**

198. Defendant lacks knowledge or information sufficient to admit or deny this paragraph, except to admit that C.S. is a woman who graduated from Baldwin-Wallace College.

199. Defendant admits that C.S. attended the Basic Field Training Course as a New Agent Trainee in 2017. Defendant denies the second sentence, except to admit that C.S. passed the physical fitness test, and the defensive tactics test

200. Defendant denies the first sentence, except to admit that C.S. received suitability notations during the Basic Field Training Course, including three suitability notations for Tactical Training and one suitability notation for Academics. Defendant respectfully refers the Court to those suitability notations for complete and accurate statements of their contents.

Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

201. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, except to admit that C.S. received a suitability notation, and respectfully refers the Court to the cited suitability notation for a complete and accurate statement of its contents.

202. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, except to admit that C.S. received suitability notations, and respectfully refers the Court to the cited suitability notations for complete and accurate statements of their contents.

203. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the first sentence. Defendant denies the second sentence except to admit that a Trainee Review Board was convened on July 14, 2017, and that C.S. was dismissed from the Basic Field Training Couse by the Assistant Director for the Training Division.

204. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

205. Defendant denies that the evaluation process is discriminatory, and otherwise lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

**"L.S."**

206. Defendant admits that L.S. is a woman who attended the New Agent Training Program as a New Agent Trainee in 2015.

207. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

208. Defendant admits that L.S. received three suitability notations for Tactical Training.

209. This paragraph contains L.S.'s characterization of her claims, to which no response is required. If a response is deemed necessary, Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

210. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph except to admit that L.S. reported her allegations to Supervisory Special Agent Jill Sheets.

211. Defendant denies except to admit that L.S. received a third suitability notation for tactical training; L.S. was placed under a Suitability Review, and a New Agent Review Board was convened; L.S. was dismissed from the New Agent Training Program on October 2, 2015, by the Assistant Director of the Training Division; and L.S.'s training course, NAC1510, ended on October 16, 2015.

212. This paragraph contains L.S.'s characterization of her claims, to which no response is required. If a response is deemed necessary, Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

213. This paragraph contains L.S.'s characterization of her claims, to which no response is required. If a response is deemed necessary, Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

**"G.T."**

214. Defendant admits the first sentence. Defendant lacks knowledge or information sufficient to admit or deny the second sentence, except to admit that G.T., at the time of the drafting of her trainee profile, was licensed to practice law in Virginia, Pennsylvania, and New Jersey.

215. Defendant admits that G.T. attended the Basic Field Training Course as a New Agent Trainee in 2017. Defendant denies the second sentence except to admit that G.T. passed the physical fitness test, pistol and carbine qualification tests, and academic tests.

216. Defendant admits the first sentence. Defendant denies the second sentence except to admit that G.T. was placed under a Suitability Review on January 29, 2018, that G.T. was issued a third Suitability Notation for an incident that occurred on January 30, 2018, and that a Trainee Review Board was convened. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the third and fourth sentences.

217. Defendant denies the first sentence except to admit that a Trainee Review Board was convened and G.T. was dismissed from the Basic Field Training Course on February 1, 2018, and that G.T. received a third suitability notation for actions that occurred on January 30, 2018. Defendant admits the second sentence. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the third and fourth sentences. Defendant denies the fifth sentence except to admit that the Assistant Director or his/her designee dismissed G.T. from the training program on February 1, 2018, and that G.T.'s course, BFTC1705, ended February 16, 2018. Defendant denies the sixth sentence. Defendant lacks knowledge or information sufficient to admit or deny the last sentence.

218. Defendant denies that the evaluation process is discriminatory, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

**"T.S."**

219. Defendant lacks knowledge or information sufficient to admit or deny this paragraph, except to admit that T.S. is a woman.

220. Defendant admits that T.S. attended the Basic Field Training Course as a New Agent Trainee in 2016.

221. Defendant denies the first sentence except to admit that T.S. passed the physical fitness test, pistol qualification test, and academic tests. The second sentence contains Plaintiffs' characterization of their claims, to which no response is required. If a response is deemed necessary, denied.

222. Defendant admits the first sentence. Defendant denies the second sentence except to admit that T.S. was dismissed from the Basic Field Training Course on May 13, 2016, by the Assistant Director of the Training Division.

223. This paragraph contains T.S.'s characterization of her claims, to which no response is required. If a response is deemed necessary, Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

224. Defendant denies the first sentence except to admit that T.S. received three suitability notations on March 31, 2016, for Tactical Training. Defendant lacks knowledge or information sufficient to admit or deny any remaining allegations in this paragraph.

225. This paragraph contains T.S.'s characterization of her claims, to which no response is required. If a response is deemed necessary, Defendant lacks knowledge or information sufficient to admit or deny any remaining allegations in this paragraph.

226. Defendant admits that T.S. received three suitability notations for on May 3, 2016, for Tactical Training. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations.

227. Defendant denies this paragraph except to admit that T.S. received a suitability notation on May 5, 2016.

228. Defendant denies the first sentence except to admit that T.S. received seven suitability notations as well as TTU rubric observations. Defendant denies the second sentence.

229. Defendant denies the allegations in this paragraph, except to admit that T.S. was dismissed from the Basic Field Training Course on May 13, 2016, and was the only trainee from her section for which a Board was convened.

230. Defendant denies that the evaluation process is discriminatory and lacks knowledge or information sufficient to admit or deny the remaining allegations.

## V. CAUSES OF ACTION

### COUNT ONE
**Violation of Title VII, 42 U.S.C. § 2000e *et seq*.,**
**(Disparate Treatment – Agent Trainee Subclass)**
**Brought by Plaintiffs Paula Bird, Clare Coetzer, Lauren Rose, Danielle Snider, "D.A.", "S.B.", "D.C.", "P.E.", "W.M.", "C.S.", "L.S.", "G.T.", and "T.S." on behalf of themselves and others similarly situated.**

231. This paragraph incorporates the allegations in the preceding paragraphs. Defendant restates and incorporates, as though fully set forth herein, the responses contained in the above paragraphs.

232. This paragraph contains Plaintiffs' characterization of this lawsuit to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

233. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

234. Denied.

235. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

236. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

237. This paragraph incorporates Plaintiffs' prayer for relief, to which no response is required. If a response is deemed necessary, Defendant denies that Plaintiffs or putative class members are entitled to the relief requested or any relief.

## COUNT TWO

**Violation of Title VII, 42 U.S.C. § 2000e *et seq*.,**
**(Disparate Impact – Agent Trainee Subclass)**
**Brought by Plaintiffs Paula Bird, Clare Coetzer, Lauren Rose, Danielle Snider, "D.A.", "S.B.", "D.C.", "P.E.", "W.M.", "C.S.", "L.S.", "G.T.", and "T.S." on behalf of themselves and others similarly situated.**

238. This paragraph incorporates the allegations in the preceding paragraphs. Defendant restates and incorporates, as though fully set forth herein, the responses contained in the above paragraphs.

239. This paragraph contains Plaintiffs' characterization of this lawsuit to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

240. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

241. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

242. This paragraph contains Plaintiffs' legal conclusions and characterization of this lawsuit, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

243. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

244. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

245. This paragraph incorporates Plaintiffs' prayer for relief, to which no response is required. If a response is deemed necessary, Defendant denies that Plaintiffs or putative class members are entitled to the relief requested or any relief.

## <u>COUNT THREE</u>
**Violation of Title VII, 42 U.S.C. § 2000e *et seq.*,**
**(Disparate Treatment – Analyst Trainee Subclass)**
**Brought by Plaintiffs Gabrielle Barbour and Spencer Lee on behalf of themselves and others similarly situated.**

246. This paragraph incorporates the allegations in the preceding paragraphs. Defendant restates and incorporates, as though fully set forth herein, the responses contained in the above paragraphs.

247. This paragraph contains Plaintiffs' characterization of this lawsuit to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

248. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

249. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

250. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

251. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

252. This paragraph incorporates Plaintiffs' prayer for relief, to which no response is required. If a response is deemed necessary, Defendant denies that Plaintiffs or putative class members are entitled to the relief requested or any relief.

**COUNT FOUR**
**Violation of Title VII, 42 U.S.C. § 2000e *et seq*.,**
**(Disparate Impact – Analyst Trainee Subclass)**
**Brought by Plaintiffs Gabrielle Barbour and Spencer Lee on behalf of themselves and others similarly situated.**

253. This paragraph incorporates the allegations in the preceding paragraphs. Defendant restates and incorporates, as though fully set forth herein, the responses contained in the above paragraphs.

254. This paragraph contains Plaintiffs' characterization of this lawsuit to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

255. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

256. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

257. This paragraph contains Plaintiffs' legal conclusions and characterization of this lawsuit to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

258. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

259. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

260. This paragraph incorporates Plaintiffs' prayer for relief, to which no response is required. If a response is deemed necessary, Defendant denies that Plaintiffs or putative class members are entitled to the relief requested or any relief.

**COUNT FIVE**
**Violation of Title VII, 42 U.S.C. § 2000e *et seq*.,**
**(Disparate Treatment)**
**Brought by Plaintiff "B.G." on behalf of herself.**

261. This paragraph incorporates the allegations in the preceding paragraphs. Defendant restates and incorporates, as though fully set forth herein, the responses contained in the above paragraphs.

262. This paragraph contains Plaintiffs' characterization of this lawsuit to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

263. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

264. This paragraph contains Plaintiffs' characterization of this lawsuit to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

265. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

266. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

267. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

268. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

269. This paragraph incorporates Plaintiffs' prayer for relief, to which no response is required. If a response is deemed necessary, Defendant denies that Plaintiffs or putative class members are entitled to the relief requested or any relief.

**COUNT SIX**
**Violation of Title VII, 42 U.S.C. § 2000e *et seq*.,**
**(Hostile Work Environment)**
**Brought by Plaintiffs Gabrielle Barbour and Erika Wesley on behalf of themselves.**

270. This paragraph incorporates the allegations in the preceding paragraphs. Defendant restates and incorporates, as though fully set forth herein, the responses contained in the above paragraphs.

271. This paragraph contains Plaintiffs' legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

272. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

273. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

274. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

275. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

276. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

277. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

278. This paragraph contains Plaintiffs' characterization of this lawsuit to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

279. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

280. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

**<u>COUNT SEVEN</u>**
**Violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*.,**
**(Discrimination in Denial of Reasonable Accommodations)**
**Brought by Plaintiffs Spencer Lee and Erika Wesley on behalf of themselves.**

281. This paragraph incorporates the allegations in the preceding paragraphs. Defendant restates and incorporates, as though fully set forth herein, the responses in the above paragraphs.

282. This paragraph contains Plaintiffs' legal conclusions and characterization of this lawsuit to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

283. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

284. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

285. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

286. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

287. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

288. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

**<u>COUNT EIGHT</u>**

**Violation of Title VII, 42 U.S.C. § 2000e *et seq*., and the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*.,**

**(Retaliation)**

**Brought by Plaintiff Erika Wesley on behalf of herself.**

289. This paragraph incorporates the allegations in the preceding paragraphs. Defendant restates and incorporates, as though fully set forth herein, the responses contained in the above paragraphs.

290. This paragraph contains Plaintiffs' characterization of this lawsuit and legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

291. This paragraph contains Plaintiffs' characterization of this lawsuit and legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations contained in this paragraph.

292. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

293. This paragraph contains Plaintiffs' legal conclusions and characterization of their claims, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

294. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If a response is deemed necessary, Defendant denies the allegations in this paragraph.

295. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. If is deemed necessary, Defendant denies the allegations in this paragraph.

## PRAYER FOR RELIEF

The remaining paragraphs of the Complaint set forth Plaintiffs' prayer for relief, to which no response is required. If a response is deemed necessary, Defendant denies that Plaintiffs or putative class members are entitled to the relief requested or any relief.

Each and every allegation of the Complaint not heretofore expressly admitted or denied is hereby denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim against Defendant upon which relief may be granted.

2. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to exhaust their administrative remedies.

4. Upon information and belief, Plaintiff and putative class members have failed to mitigate their damages, if any.

## CONCLUSION

WHEREFORE, having fully answered, Defendant respectfully requests that the Court enter judgment dismissing this action with prejudice and awarding Defendant such other relief as the Court may deem appropriate.

Dated: July 15, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

*_/s/ Amber Richer_*
MARTIN M. TOMLINSON (SC Bar No. 76014)
Senior Trial Counsel
AMBER RICHER (CA Bar No. 253918)
ANNA DEFFEBACH (DC Bar No. 241346)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20530
Tel: (202) 514-3489
Email: amber.richer@usdoj.gov

*Counsel for Defendant*