IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULA BIRD, *et al.*, | ) <br> ) <br> ) Civil Action No. 1:19-cv-1581 (JMC) <br> ) <br> ) <br> ) Judge: Jia M. Cobb <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Plaintiffs, | |
| v. | |
| MERRICK GARLAND, Attorney General of the United States, named in his official Capacity, as head of the Department of Justice, | |
| Defendant. | |

## ORDER CERTIFYING THE CLASS FOR SETTLEMENT PURPOSES AND DIRECTING NOTICE OF SETTLEMENT TO THE CLASS

Upon consideration of Plaintiffs' Unopposed Motion to Certify the Class for Settlement Purposes and Direct Notice of Settlement to the Class, the papers filed in support of the Motion, and the proposed form of Notice to be disseminated to the Settlement Class, and all prior proceedings in this action, the Court hereby **FINDS, CONCLUDES** and **ORDERS** as follows:

1. The Court finds that it has jurisdiction over this action.

2. Before preliminarily approving the Settlement, the Court must preliminarily find that the proposed class "has sufficient unity so that absent members can fairly be bound by decisions of class representatives" pursuant to the prerequisites of Federal Rules of Civil Procedure 23(a) and 23(b)(3). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 621 (1997). This concern "persists when settlement, rather than trial, is proposed." *Id.* The Court preliminarily finds, subject to final approval after a hearing, that this action is maintainable as a class action as the prerequisites of Rule 23 are met.

a. The Court finds that the proposed class of 34 Class Members is "so numerous that joinder of all members is impracticable" given the facts of this case. Fed. R. Civ. P. 23(a)(1). Courts in this District have certified classes of similar or lesser size based on considerations of "judicial economy," the "nature of the action," and other factors. *See Meijer, Inc. v. Warner Chilcott Holdings Co. III*, 246 F.R.D. 293, 305–07 (D.D.C. 2007); *see also Alvarez v. Keystone Plus Constr. Corp.*, 303 F.R.D. 152, 160 (D.D.C. 2014) (citing cases). The facts of this case—including the monetary, personal, and career costs that would be required should each Class Member have to litigate her claims individually—and the judicial economies resulting from aggregation render the class sufficiently numerous.

b. The Court finds that there are "questions of law or fact common to the class," Fed. R. Civ. P. 23(a)(2), including those identified in the Fifth Amended Complaint, *see* ECF 96-1 at 18–19, and that those questions can be answered using evidence common to the class.

c. The Court finds that the "claims or defenses of the representative parties are typical of the claims or defenses of the class," Fed. R. Civ. P. 23(a)(3), based on the unitary set of challenged FBI disciplinary policies, practices, and procedures at Basic Training to which, the record suggests, all Class Members were subject.

d. The Court finds that "the representative parties will fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), because the Named Plaintiffs do not appear to present conflicts of interest among themselves or between themselves and the Class Members and, at bottom, "possess the same interest and suffer the same injury" as the Class Members, *Amchem Prods.*, 521 U.S. at 625–26 (cleaned up).

e. The Court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members," Fed. R. Civ. P. 23(b)(3), based on the statistical and anecdotal evidence of disparate impact and disparate treatment discrimination marshalled by Plaintiffs. The "substantial statistical evidence" of sex discrimination by a single body of officials, combined with anecdotal accounts of discrimination from a significant percentage of the proposed class, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 358 (2011), is sufficient to satisfy Rule 23's predominance requirement in a sex discrimination case such as this.

f. The Court finds that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In addition to better protecting the privacy and career opportunities of Class Members than other available methods, a class action here also "benefits the interest of judicial economy by avoiding a significant number of individual lawsuits" and "avoids the specter of inconsistent adjudications." *Meijer*, 246 F.R.D. at 314. Further, the fact that individual damages for some Class Members may be high if they sued separately—and under the proposed Settlement—does not defeat superiority. *See id.* at 313.

3. The Court therefore conditionally certifies, for settlement purposes only, the following Settlement Class, as defined in the Agreement:

> The Settlement Class is comprised of all female New Agent Trainees who received suitability notations and were dismissed from the FBI's BFTC (previously New Agent training program) after appearing before a Trainee Review Board ("TRB") or New Agent Review Board ("NARB") between April 17, 2015, and August 10, 2024, excluding any individual whose dismissal was based solely on an Honor Code violation and any individual who previously signed a settlement agreement with Defendant waiving any and all claims arising from her time at the BFTC as of the effective date of her settlement agreement.

4. The Court finds that it will likely be able to approve the proposed Settlement set forth in the Agreement as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e)(2), because it "appears to fall 'within the range of possible approval' and 'does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys.'" *Trombley v. Nat'l City Bank*, 759 F. Supp. 2d 20, 23 (D.D.C. 2011) (quoting *Newberg on Class Actions,* § 11:25 (4th ed. 2010)); *In re Vitamins Antitrust Litig.*, No. 99-cv-197, 1999 WL 1335318, at *5 (D.D.C. Nov. 23, 1999). Specifically, the Court preliminarily finds that the Settlement is the product of arms' length negotiations between experienced counsel, reached with the aid of an experienced professional mediator, and comes after adequate investigation of the facts and legal issues by both Plaintiffs and Defendant. The Court further preliminarily finds that the relief provided in the Settlement to the Class is adequate, taking into account, among other things, the costs, risks, and delay of trial and appeal, the inclusion of programmatic relief and the opportunity for reinstatement, the approval of nearly 40% of the Class via the thirteen Named Plaintiffs, and the proposed method for allocating and distributing the monetary relief. The Court also preliminarily finds that the proposed attorneys' fees and costs, ECF 101, do not appear to be excessive.

5. The Court finds that there are grounds to issue Notice to all Class Members. The Court has reviewed the proposed Notice and the proposed method for distributing the Notice, finds that the Notice provides Class Members with sufficient information to enable them to make informed decisions as to their right to object or opt out of the Settlement, and therefore concludes that the Notice satisfies both Rule 23(e) and due process. Therefore, the Court hereby orders Class Counsel to effectuate Notice of the Settlement as set forth in Sec. IV.B. of the Agreement.

6. The Court finds that Paula Bird, Clare Coetzer, Lauren Rose, Danielle Snider, "D.A.", "S.B.", "D.C.", "P.E.", "W.M.", "C.S.", "L.S.", "G.T.", and "T.S." have adequately represented and will continue to adequately represent the Settlement Class, and therefore appoints them as the Settlement Class Representatives.

7. The Court finds that Cohen Milstein Sellers & Toll, PLLC and David Shaffer Law, PLLC have adequately represented, and will continue to adequately represent, the Settlement Class and therefore appoints those law offices as Class Counsel.

8. All objections and opt outs must be submitted to Class Counsel by forty-five (45) days from the date Notice is disseminated, and Class Counsel shall submit all objections and opt outs to the Court within five (5) days of the deadline to object or opt-out.

9. The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on January 9, 2025, at 10:30 AM, at the United States District Court for the District of Columbia for the following purposes:

   a. To determine whether the proposed Settlement is fair, reasonable, and adequate and should be granted final approval by the Court;

   b. To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice, as required by the Settlement;

   c. To consider the application by Class Counsel for an award of attorney's fees and costs;

   d. To rule upon other such matters as the Court may deem appropriate.

The date, time, and place of the Final Approval Hearing shall be included in the Class Action Notice sent to Class Members. If, however, the date and/or time of the Final Approval Hearing is changed, notice of the change need only be posted by the Court on the case docket and by Class Counsel on its case-related website.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: October 16, 2024